UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DEANGELO D. DIXON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-04250-SLD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

ORDER

Before the Court are Petitioner DeAngelo Dixon's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1, and the Respondent the United States' ("the Government") Motion to Dismiss, ECF No. 4. For the following reasons, the Government's motion is GRANTED and Dixon's motion is DENIED.

BACKGROUND[1]

Petitioner DeAngelo Dixon was charged with two counts of Bank Robbery by Force or Violence in violation of 18 U.S.C. § 2113(a) and § 2113(d). Indictment, Cr. ECF No. 1. A jury found him guilty on both counts. Cr. ECF No. 49. Because he had multiple convictions for "serious violent felonies" as defined by 18 U.S.C. § 3559(c)(2)(F)(ii), the Court sentenced Dixon to mandatory life imprisonment on both counts, to be served concurrently, in addition to five years of supervised release for each Count, served concurrently, restitution totaling $36,704, and a $200 special assessment. Judgment 2–6, Cr. ECF No. 80. Dixon appealed from the sentence,

---

[1] This order resolves Dixon's two pending § 2255 cases. Citations to docket entries in Dixon's first § 2255 proceeding, Case No. 4:16-cv-04250-SLD, will take the form: "16-4250 ___, ECF No. ___." Citations to docket entries in Dixon's second § 2255 proceeding. Case No. 4:17-cv-04024-SLD, will take the form "17-4024 ___, ECF No. ___." Citations to docket entries in Dixon's underlying criminal matter, *United States v. Dixon*, No. 4:13-cr-40023-SLD-1, take the form "Cr. ECF No. ___."

and the Seventh Circuit modified the judgment to reflect that the offense conduct fell under lesser-included offense § 2113(a) rather than § 2113(d). *See United States v. Dixon*, 790 F.3d 758 (7th Cir. 2015). Dixon's petition for cert to the Supreme Court was denied on November 2, 2015. *Dixon v. United States*, 136 S.Ct. 425 (2015). At all times relevant to the present motions, Dixon was serving his sentence at the Federal Correctional Complex in Coleman, FL ("FCC Coleman"). He has since been transferred to USP Lee in Jonesville, Virginia. 17-4024 Change of Address Notification, ECF No. 3.

The Court received and docketed Dixon's first § 2255 motion (Case No. 16-4250) on November 9, 2016. Dixon's motion rests on various ineffective assistance of counsel arguments and a claim under *Johnson v. United States*, 135 S.Ct. 2551 (2015), *see* 16-4250 Mot. Vacate 7–13, ECF No. 1, and requests that the Court vacate Dixon's sentence and conviction and remand the case for a new trial or sentence. *Id.* at 13. The Motion contains a declaration signed by Dixon under penalty of perjury, stating that he placed the § 2255 motion into the prison mailing system on November 1, 2016. *Id.* at 6. The envelope was postmarked on November 4, 2016. 16-4250 Envelope, Ex. 1, ECF No. 1-1.

Dixon then filed another, second § 2255 motion (Case No. 17-4024) with the Court on January 24, 2017. The motion appears to be identical to the first, though Dixon has added a "Supplemental Brief" with an extra legal argument for ineffective assistance of counsel. 17-4024 Mot. Vacate 18, ECF No. 1. In this second case, he submitted a letter motion on February 7, 2017, requesting confirmation that the Court had received his first § 2255 motion, and claiming that he attempted to file a motion for extension of time around October 9 or 10, 2016, but had not received confirmation that it arrived to the Court. *See* 17-4024 Ltr. Mot., ECF No. 3. The Court did not, in fact, receive a motion for extension of time from Dixon. Dixon alleges that he has

been moved into and out of segregated housing and had trouble accessing the jail mail system, but that he was able to deliver his first motion to a prison staff member, who would have made a written log of the date. *Id.* at 1. Dixon also alleges in the letter motion that he mailed his initial § 2255 motion on or around October 26, 2016. *Id.* He does not specify which mail system he used to send the first § 2255 motion. Though the envelope has "Legal Work" handwritten across it, there is no other indication on the envelope that a specialized mailing procedure was used.

On May 10, 2017, the Government filed a Motion to Dismiss and Response to Dixon's motion, arguing that his initial filing was procedurally barred due to untimeliness, both as to his ineffective assistance of counsel claim and his claim based on *Johnson v. United States*, 135 S.Ct. 2551 (2015).

## DISCUSSION

### I. Legal Standard for Timely Filing

28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to seek that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The statute established a 1-year time period in which a federal prisoner may file a federal habeas petition, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Additionally, Rule 3 of the Rules Governing 2255 Proceedings governs inmate filing and describes the procedure for ensuring a timely filed motion:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d), Rules Governing 2255 Proceedings. The Rule, colloquially known as the "prisoner mailbox rule," is modeled on the appellate procedure rule regarding inmate filings, Fed. R.App. P. 4(c), and the Court looks to cases construing that rule for instruction. *Ingram v. Jones*, 507 F.3d 640, 643–44 (7th Cir. 2007). Generally, the mailbox rule determines that a motion mailed by an inmate is "deemed filed on the date the prisoner deposits the notice in the prison mail system, and not on the date when it is received by the clerk of court." *Ingram*, 507 F.3d at 643. In order to receive the benefit of the "mailbox rule," the inmate must use the institution's legal mail system, if one exists. *Id.* at 644; *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004). Only if there is no such system, the inmate must provide a truthful declaration that his filing was timely. *Id.*; *Price v. Philpot*. 420 F.3d 1158, 1165 (10th Cir. 2005) (holding that the burden of proof is on the inmate to attest to the filing's timeliness).

## II. Analysis

The Government asserts that Dixon's motion is procedurally barred due to untimeliness. Mot. Dismiss 9–12. Dixon does not assert that the statute of limitations runs from either subsection (2) or (4) of § 2255(f); therefore, the Court will focus its analysis on subsections (1) and (3).

When a criminal defendant appeals and applies for cert to the Supreme Court, the judgment becomes final for the purpose of the statute of limitations on the day cert is denied. *Clay v. United States*, 537 U.S. 522, 527 (2003). Dixon's writ of certiorari to the Supreme Court was denied on November 2, 2015. For his motion to be timely under subsection (1), Dixon would have needed to file his motion no later than November 2, 2016. Though Dixon appears to have handwritten the November 1, 2016 date on his first motion, the Court does not have evidence that the motion was, in reality, timely filed on that day.

The affidavit submitted by Steven Verdejo, Supervisory Correctional Systems Specialist at FCC Coleman, explains three modes by which inmates can drop off outgoing mail at the institution: (1) general correspondence, dropped off by the inmate into a general depository within the housing unit; (2) special or legal mail delivered by the inmate directly to a staff member, who then brings it to the mail room and stamps the envelope with a special statement that marks it as having undergone "special mailing procedures"; or (3) Certified Mail, which is logged in an outgoing mail log. Verdejo Aff. ¶¶ 5–7, ECF No. 4-1. No outgoing log is kept of special or legal mail at FCC Coleman, but outgoing pieces are stamped, in part, as follows: "The enclosed letter was processed through special mailing procedures. The letter has neither been opened nor inspected . . ." *Id.* ¶¶ 6, 10.

The envelope filed with Dixon's initial § 2255 motion lacks the telltale stamp indicating that Dixon used the special or legal mail option available to him at FCC Coleman, as he is

required to do by Rule 3(d). Though Dixon claims that he gave the initial motion to a prison employee for mailing, he does not attest that he used the legal mail system, nor does he provide documentation of any alleged records made of the mailing (which, according to Verdejo, would not have been made anyway for a piece of special or legal mail, as only outgoing Certified Mail is logged at FCC Coleman). It is apparent that Dixon did not use the legal mail system, in violation of the procedural rules requiring him to do so.

Further, Dixon's assertion in his letter motion filed in his second § 2255 filing—asserting that he attempted to mail his first motion on October 26, 2016—directly contradicts the statement on his initial motion, signed under penalty of perjury, stating that it was placed into the mailing system on November 1, 2016. *See Craig*, 368 F.3d at 740 (finding a motion untimely when an inmate gave two different accounts of the date of mailing, the Court wrote: "We doubt that a litigant who says one thing to the district judge in an effort to get an extension of time should be allowed to advance an inconsistent view of the facts after the district judge says no."); *Calhoun v. Myatt*, 499 Fed. App'x 604, 605 (7th Cir. 2013) (finding that a petitioner's explanation for untimeliness was "not plausible" and lack of compliance with the mailbox rule doomed his appeal). Without any facts indicating that Dixon used the legal mail system available to him at FCC Coleman, his assertions as to the date and manner in which he mailed his first § 2255 motion are not credible, and he may not claim the protections of the mailbox rule. His motion is deemed filed on November 9, 2016, when the Clerk of Court received and entered it to the docket, and is therefore one week outside of the § 2255(f) statute of limitations.

To the extent that Dixon claims his collateral attack is based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), any such claim would be untimely. § 2255(f)(3) provides a one-year statute of limitations within which a claim must be filed to exercise a newly recognized

constitutional right; however, *Johnson* was decided on June 26, 2015, and if Dixon sought to take advantage of the change in law, he needed to file a motion for that purpose by June 26, 2016. Dixon filed both of his motion months after this date, and he cannot overcome this procedural bar.

Though Dixon has not explicitly raised an argument for equitable tolling because his contention is that he timely filed his § 2255 motion, such relief is not appropriate in this case regardless. Equitable tolling may be granted by a court only if "extraordinary circumstances" beyond the petitioner's control "prevented timely filing" of the motion. *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (quoting *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003)). Moving in and out of segregated housing is not one such circumstance. *See Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (holding that prison transfers and lack of response from attorney were not extraordinary circumstance warranting equitable tolling) (overruled on other grounds by *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001)). Nor is limited access to the prison law library. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Dixon's § 2255 motion is procedurally barred.

## CONCLUSION

The Government's Motion to Dismiss in the initial proceeding, Case No. 16-4250, is GRANTED. Petitioner DeAngelo Dixon's § 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1, is DENIED. Dixon's second § 2255 motion, filed in Case No. 17-4024, is duplicative of the original case and is also DENIED.

Entered June 15, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE